# 14-2289-cv

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

———————————————

SAFECO INSURANCE COMPANY OF AMERICA,

*Plaintiff-Appellee*,

v.

LAWRENCE BRUNOLI, INC. AND LAWRENCE BRUNOLI, JR.

*Defendants-Appellants*.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

———————————————

**BRIEF OF PLAINTIFF-APPELLEE
SAFECO INSURANCE COMPANY OF AMERICA**

———————————————

BRADFORD R. CARVER
JONATHAN C. BURWOOD
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, Massachusetts 02109
(617) 213-7000

*Attorneys for Plaintiff-Appellee,
Safeco Insurance Company of America*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, Plaintiff-Appellee Safeco Insurance Company of America hereby discloses the following corporate information:

1.     Safeco Corporation is Safeco Insurance Company of America's parent corporation.

2.     No publicly held corporation owns 10% or more of Safeco Insurance Company of America's stock.  Safeco Corporation owns 100% of Safeco Insurance Company of America's stock.

3.     LIH US P&C Corporation is Safeco Insurance Company of America's stock.

4.     Liberty Insurance Holdings, Inc. is LIH US P&C Corporation's parent corporation.

5.     Liberty Insurance Holdings, Inc.'s stock is owned by the following entities, in the percentages indicated:  (i) Liberty Mutual Insurance Company – 84%; (ii) Liberty Mutual Fire Insurance Company – 7%; and (iii) Employers Insurance Company of Wausau – 9%.

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF THE ISSUES...............................................................1

STATEMENT OF FACTS ........................................................................1

I.     RELEVANT PROVISIONS IN THE INDEMNITY AGREEMENT ...........2

II.    CLAIMS ON THE SAFECO BONDS...........................................2

SUMMARY OF THE ARGUMENT ........................................................4

ARGUMENT ...........................................................................................5

I.     STATEMENT OF THE STANDARD OF REVIEW ...................................5

II.    THE DISTRICT COURT PROPERLY GRANTED SAFECO'S
MOTION FOR SUMMARY JUDGMENT BY ORDERING
BRUNOLI TO POST COLLATERAL IN THE AGGREGATE
AMOUNT OF THE CLAIMS ASSERTED AGAINST THE BONDS. ........6

     A.    Courts Routinely Enforce Collateral Security Provisions to Uphold A
Surety's Bargained For Contractual Rights. ...........................................6

     B.    The Collateral Security Provisions in Safeco's Indemnity Agreement
Are Plain and Unambiguous. ................................................................8

     C.    The District Court Properly Held that the Required Collateral Security
was the Amount of the Claims Asserted Against Safeco and Not
Brunoli's Assertion of the "Actual Exposure."....................................9

     D.    Brunoli's Claim that Posting the Collateral Poses a Financial Hardship
is Not Material.....................................................................................14

     E.    Safeco's Remaining Exposure is Now $601,304.54; The Collateral
Obligation is Reduced to that Amount...............................................16

CONCLUSION.......................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*,
    374 F.3d 66 (2d Cir.2004) ...................................................................5

*Alexander v. Fulton County, Ga.*,
    207 F.3d 1303 (11th Cir.2000) ..........................................................5

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990)...........................................................................6

*Fid. & Deposit Co. of Maryland* v. *Tri-Lam Co.*,
    No. SA-06-CA-207-CR, 2007 WL 1452632 (W.D. Tex. 2007) ..........7

*First Nat. Ins. Co. of America* v. *Sappah Bros. Inc.*,
    771 F.Supp.2d 569 (E.D.N.C.2011) .................................................15

*The Hanover Ins. Co.* v. *Clark*,
    No. 5 C 2162, 2006 WL 2375428 (N.D. Ill. 2006) ............................7

*Leasco Corp. v. Taussig*,
    473 F.2d 777 (2d Cir.1973) ...............................................................5

*Liberty Mut. Ins. Co. v. Aventura Engineering & Constr. Co.*,
    534 F.Supp2d 1290 (S.D. Fla.2008) .................................................13

*Massachusetts Bay Insurance Co., v. Bailey*,
    2007 WL 2156388 (D. Conn.2007)....................................................9

*McBride v. BIC Consumer Prods. Mfg. Co.*,
    583 F.3d 92 (2d Cir.2009) .................................................................5

*Northwestern Nat'l Ins. Co. v. Alberts*,
    741 F.Supp 424 (S.D.N.Y.1990) .....................................................13

*Ohio Cas. Ins. Co. v. Fratarcangelo*,
    7 F.Supp.3d 206, 2014 WL 1230327 (D. Conn. 2014) ................7, 15

*Safeco Ins. Co. of America v. Hirani/MES, JV*,
    480 Fed.Appx. 606, 2012 WL 1560668 (2d Cir.2012) ..............*passim*

*Safeco Ins. Co. of America v. Oakland Excavating Co.*,
  2009 WL 1658404 (E.D. Mich. 2009)......................................6, 9, 12

*Safeco Ins. Co. of America v. Schwab*,
  739 F.2d 431 (9th Cir.1984) ..............................................................6

*Safeco Ins. Co. v. Dematos Ent., Inc.*,
  No 02-cv2899, 2003 WL 21293825 (E.D. Pa. 2003) ...................7, 15

*Tennant* v. *United States Fidelity & Guaranty. Co.*,
  17 F.2d 38 (3d Cir.1927) ...................................................................8

*Travelers Cas.& Sur. Co. of America v. W.P. Rowland Constructors*
  *Corp.*,
  2013 WL 2285204 (D.Ariz.2013) .....................................................13

*Travelers Cas. and Sur. Co. of America* v. *Southwest Contracting,*
  *Inc., et al.*,
  2006 WL 680955 (E.D. Mo. 2006)......................................................7

*Travelers Cas. and Sur. Co.* v. *PRA Development Corp.*,
  2011 WL 6413747 (Conn. Super.2011) ...............................................7

*U.S. Fidelity & Guar. Co.* v. *Feibus*,
  15 F.Supp.2d 579 (M.D. Pa.1998).......................................................8

*United Bonding Ins. Co.* v. *Stein*,
  273 F.Supp. 929 (E.D. Pa.1967).........................................................8

**Statutes**

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1332. .................................................................................1

**Rules of Practice**

Fed.R.Civ.P. 56(c)................................................................................5

## JURISDICTIONAL STATEMENT

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. Defendants-Appellants filed a timely Notice of Appeal on June 26, 2014. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Whether the District Court properly granted Safeco's Motion for Summary Judgment by finding that the Indemnity Agreement executed by Brunoli was plain and unambiguous.

Whether the District Court properly found that the amount of collateral that Brunoli was required to provide to Safeco was based on the stated exposure set forth in the claims asserted against Safeco, as opposed to Brunoli's belief as to the "actual exposure" presented by the claims.

## STATEMENT OF THE FACTS

On July 20, 2004 Lawrence Brunoli, Inc. and Lawrence J. Brunoli, Jr. (collectively "Brunoli"), executed a "General Agreement of Indemnity for Contractors" ("Indemnity Agreement") for the benefit of Safeco Insurance Company ("Safeco"). (A11-14). The Indemnity Agreement, in broad terms, set forth Brunoli's indemnification obligations to Safeco. In reliance upon the execution of the Indemnity Agreement, Safeco, as surety, issued numerous performance bonds and payment bonds (the "Bonds") on behalf of Lawrence Brunoli, Inc., as principal.

1

I.  **RELEVANT PROVISIONS IN THE INDEMNITY AGREEMENT**

Several provisions in the Indemnity Agreement are directly applicable to this appeal. In the section entitled "General Provisions," paragraph 11 states:

> 11. This agreement is to be liberally construed so as to protect, exonerate and indemnify the Surety. (A12).

Paragraph 5 of the same General Provisions, states:

> 5. The undersigned will, on request of Surety, procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, *acceptable to Surety, sufficient to cover all exposure under such bond or bonds*, or make provisions acceptable to Surety for the funding of the bonded obligation(s). (emphasis added) (A12).

Finally, Paragraph 2 in the section entitled "Indemnity to Surety," states:

> Undersigned agree to pay to Surety upon demand…
>
> 2. *An amount sufficient to discharge any claim made against Surety on any Bond.* This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond. (emphasis added) (A11).

II.  **CLAIMS ON THE SAFECO BONDS**

It is undisputed that multiple claims have been made on the Bonds issued by Safeco for the benefit of Brunoli. (Plaintiff's Statement of Facts in Support of Motion for Summary Judgment at ¶¶ 11, 12, 14, 15 and 16. (A18-19). As of July 8, 2013, the date Safeco filed its Motion for Summary Judgment in the District Court (the "Motion"), the following Bond claims were pending:

2

| **Claimant** | **Amount Claimed** |
|---|---|
| Glidepath, LLC | $2,859,830.80 |
| Suntech of Connecticut, Inc. | $   601,304.54 |
| Brayman Hollow Masonry, Inc. | $1,226,013.00 |
| Sonepar Distribution of New England, Inc. | $      89,079.16 |
| City Electrical Enterprises | $   494,000.00 |
| TOTAL: | $5,270,227.50 |

During the time Safeco's Motion was pending in the District Court, the claims of Sonepar and City Electrical were resolved by Brunoli. Consequently, as of February 21, 2014, the date the District Court ruled on the Motion, the claims of Glidepath, Suntech and Brayman Hollow remained pending. Those claims totaled $4,687,148.34. Consistent with the express terms of the Indemnity Agreement, this is the amount of collateral the District Court ordered Brunoli to provide to Safeco.

Subsequent to the District Court's ruling, Brunoli resolved the Glidepath claim, further reducing the amount of collateral Safeco demanded from Brunoli to $1,827,317.54.

During the pendency of this appeal, Brayman Hollow's claim was resolved. Consequently, as of the date of this filing, the amount of collateral due from Brunoli is $601,304.54, equivalent to the amount of Suntech's pending claim.

## SUMMARY OF THE ARGUMENT

Brunoli admits that Safeco is contractually entitled to receive collateral pursuant to the Indemnity Agreement. Brunoli's contention on appeal is that the District Court erred in the amount of collateral that it ordered Brunoli to provide to Safeco. Contrary to applicable legal authority, Brunoli contends that the collateral security provisions in the Indemnity Agreement are ambiguous, and that a fact question exists as to the proper amount of collateral Brunoli must provide to Safeco. As the District Court properly found, however, the Indemnity Agreement is plain and unambiguous. Consistent with previous decisions from this Court evaluating this same Indemnity Agreement, as well as similar holdings throughout the country, Brunoli was required to provide collateral in the amount of the claims asserted against Safeco. The fact that providing such collateral may pose a financial hardship to Brunoli is not only irrelevant, it actually reinforces Safeco's position that collateral is required to protect against Brunoli's potential inability to pay the asserted claims. The District Court's granting of Safeco's Motion was not in error. Brunoli's appeal should be denied. Safeco's remaining Bond exposure is $601,304.54. By remand to the District Court, or by direct order of this Court, Safeco requests that Brunoli be ordered to provide collateral in the amount of $601,304.54 as required by the Indemnity Agreement and the proper ruling of the District Court below.

## ARGUMENT

## I.    STATEMENT OF THE STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment *de novo*. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir.2009). Summary judgment is proper when, construing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The District Court properly granted Safeco's Motion in that there exists no genuine dispute of the material facts, and Safeco was entitled to judgment under controlling Connecticut law. In fact, Brunoli concedes that Safeco is entitled to receive collateral security. Therefore, in exercising its *de novo* review, the only issue for this Court to consider is the amount of collateral that Brunoli must provide.

A district court's decision to grant or deny a request for specific performance is reviewed for abuse of discretion. *See Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 76 (2d Cir.2004); *Leasco Corp. v. Taussig*, 473 F.2d 777, 786 (2d Cir.1973). The Court of Appeals must affirm the District Court's order unless it determines that "the district court has made a clear error of judgment, or has applied an incorrect legal standard." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1326 (11th Cir.2000). Under this standard, an appellate court will "uphold any district court determination that falls within a

permissible range of permissible conclusions." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990). In ruling on Safeco's Motion, the District Court based its opinion on Connecticut law and the express terms of the Indemnity Agreement, which clearly provide for the relief awarded to Safeco. Thus, the District Court did not abuse its discretion in granting Safeco's Motion for specific performance of the collateral security provision set forth in the Indemnity Agreement.

## II. THE DISTRICT COURT PROPERLY GRANTED SAFECO'S MOTION FOR SUMMARY JUDGMENT BY ORDERING BRUNOLI TO POST COLLATERAL IN THE AGGREGATE AMOUNT OF THE CLAIMS ASSERTED AGAINST THE BONDS.

### A. Courts Routinely Enforce Collateral Security Provisions to Uphold A Surety's Bargained For Contractual Rights.

Collateral security provisions contained in surety indemnity agreements are routinely enforced. In fact, this Court and others have previously enforced the identical collateral security provision contained in Safeco's Indemnity Agreement at issue in this case. *Safeco Ins. Co. of America v. Hirani/MES, JV,* 480 Fed.Appx. 606, 608, 2012 WL 1560668 (2d Cir.2012) (under the plain, unambiguous language of the contracts, Defendants were required to provide collateral security upon demand if Safeco became exposed to potential losses); *Safeco Ins. Co. of America v. Schwab,* 739 F.2d 431, 433 (9th Cir.1984) (sureties are ordinarily entitled to specific performance of collateral security clauses); *Safeco Ins. Co. of America v. Oakland Excavating Co.,* 2009 WL 1658404, *4 (E.D. Mich. 2009) (the

6

vast majority of the courts that have addressed this issue have concluded that a surety does not have an adequate remedy at law for the failure of an indemnitor to post collateral security on demand.); *Ohio Cas. Ins. Co. v. Fratarcangelo,* 7 F.Supp.3d 206, 2014 WL 1230327, *7 (D. Conn. 2014) (sureties are ordinarily entitled to specific performance of collateral security clauses; if a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced); *Safeco Ins. Co. v. Dematos Ent., Inc.,* No 02-cv2899, 2003 WL 21293825, *4 (E.D. Pa. 2003) (collateral security provisions have routinely been upheld).

When considering similar collateral security provisions, courts have consistently held that indemnitors are required to post collateral security. *See Travelers Cas. and Sur. Co.* v. *PRA Development Corp.,* 2011 WL 6413747 (Conn. Super.2011) (collateral security provisions unambiguous; indemnitors ordered to provide collateral); *Fid. & Deposit Co. of Maryland* v. *Tri-Lam Co.*, No. SA-06-CA-207-CR, 2007 WL 1452632, *4 (W.D. Tex. 2007) (court found language in indemnity agreement unambiguous and required indemnitors to deposit collateral security); *The Hanover Ins. Co.* v. *Clark*, No. 5 C 2162, 2006 WL 2375428 (N.D. Ill. 2006) (courts have routinely granted summary judgment to surety for specific performance of collateral security obligation); *Travelers Cas. and Sur. Co. of America* v. *Southwest Contracting, Inc., et al.*, 2006 WL 680955 (E.D. Mo. 2006)

(surety entitled to specific performance as a matter of law in connection with collateral security language in indemnity agreement); *Tennant* v. *United States Fidelity & Guaranty. Co.*, 17 F.2d 38, 39 (3d Cir.1927); *United Bonding Ins. Co.* v. *Stein*, 273 F.Supp. 929, 930 (E.D. Pa.1967); *U.S. Fidelity & Guar. Co.* v. *Feibus*, 15 F.Supp.2d 579, 588 (M.D. Pa.1998).

The collateral security provisions at issue in this case are routine.  Courts consistently enforce identical and similar provisions, providing sureties with the benefit of their bargained for relief.

### B. The Collateral Security Provisions in Safeco's Indemnity Agreement Are Plain and Unambiguous.

Brunoli admits that it is required to provide collateral security to Safeco under the terms of the Indemnity Agreement. (Appellant's Brief, p. 10).  Brunoli claims, however, that the collateral security provisions are ambiguous and that the District Court erred when ruling that "… the plain meaning of these provisions is that Safeco is entitled to collateral security in the amounts actually claimed against the bonds…"  (Appellant's Brief, p. 17).  In making this unsupported assertion, Brunoli ignores a 2012 Second Circuit decision construing these exact provisions and, like the District Court here, finding them unambiguous.  In *Safeco Ins. Co. of America v. Hirani/MES, supra.,* this Court held that "[u]nder the plain, unambiguous language of the contracts, Defendants were required to provide collateral security upon demand if Safeco became exposed to potential losses…"

*Hirani/MES,* 480 Fed.Appx. at 608. Similarly, in *Safeco Ins. Co. of America v. Oakland Excavating Co., supra.,* another court stated that "[t]he collateral security provision unambiguously requires the indemnitors to pay to Surety upon demand…" *Oakland Excavating,* 2009 WL 1658404, *4. A Connecticut court, construing a similar collateral security provision, likewise found the provisions unambiguous. *See Massachusetts Bay Insurance Co., v. Bailey,* 2007 WL 2156388, *2 (D. Conn.2007) (court stated provision "to deposit current funds with [surety] in an amount sufficient to satisfy any claim…" was plain language).

Brunoli's contention that Safeco's collateral security provisions are ambiguous ignores both the plain language of the Indemnity Agreement and binding precedent from this Court finding identical provisions unambiguous. Brunoli's argument is therefore without merit, is inconsistent with controlling authority, and should be rejected.

C. **The District Court Properly Held that the Required Collateral Security was the Amount of the Claims Asserted Against Safeco and Not Brunoli's Assertion of the "Actual Exposure."**

Despite the fact that this Court in the *Hirani/MES* case, held in 2012 that Safeco's collateral security provisions are unambiguous and fully enforceable, Brunoli stubbornly maintains that the District Court erred in holding that the amount of collateral security that must be posted equaled the dollar value of the claims asserted against Safeco. According to Brunoli, the proper amount of

collateral is an amount equal to the "actual" exposure presented by those claims. According to Brunoli, "[i]t was the obligation of Safeco, as movant, to demonstrate that the claims as to which it sought collateral security were viable claims for which Safeco was *actually* subject to exposure." (emphasis original) (Appellant's Brief, p. 13). The District Court rejected this untenable argument:

> It is not this Court's role to adjudicate the merits of the underlying bond claims, nor is it in a position to do so… I find that the plain meaning of these provisions is that Safeco is entitled to collateral security in the amounts actually claimed against the bonds, not one party's belief, or even this Court's belief, regarding the amount to which the bond claimants are legally entitled. (A58).

Brunoli's argument ignores the plain language of the collateral security provisions, as well as controlling legal authority. Moreover, Brunoli's argument suffers from several glaring deficiencies. First, Brunoli asks that this Court accept that the amount of collateral required can only be equal to Safeco's "*actual*" exposure - as defined by Brunoli. Brunoli, as the entity that must post the collateral, is entirely self-interested and, of course, has every reason to assert that the claims have little or no value. Moreover, Brunoli's argument is directly inconsistent with the requirement that the Indemnity Agreement "…be liberally construed so as to protect, exonerate and indemnify the Surety…" (Indemnity Agreement at General Provisions, ¶11). (A12). Brunoli seeks to narrowly construe its obligations, and jeopardize Safeco's entitlement to full indemnity as agreed.

10

Second, Brunoli's suggestion that Safeco, as a co-defendant in the litigation over the Bond claims, must carry some type of burden to establish its "actual" exposure is unworkable and unrealistic. Brunoli's suggestion that, as a precondition to exercising its right to indemnity through collateral, Safeco must disclose in some pleading or other discoverable document that it has "actual" exposure to a particular Bond claimant in a specific dollar amount is clearly ludicrous. In effect, Brunoli's tortured construction of the collateral security provisions would require Safeco to effectively concede liability under the Bonds to secure collateral. If that were so, there would be no need for collateral, as Brunoli would instantly have a full and unmitigated indemnity obligation to Safeco. The collateral provisions of the Indemnity Agreement are included to offer the surety security against claims disputed by Brunoli and Safeco. Brunoli seeks to have it both ways, to deny payment obligations to both the Bond claimants and the surety. Any such construction of the collateral security provisions is meritless.

Third, and as noted by the District Court, if the court were required to make an assessment of Safeco's "actual" exposure on lawsuits pending in other courts, that assessment could differ from the assessment ultimately reached by the proper trier of fact in those cases, which could pose difficult *res judicata* or collateral estoppel issues for all concerned. (A58).

Finally, Brunoli asserts that the claims asserted by Suntech and Brayman Hollow were time-barred pursuant to the governing Connecticut statute, and therefore Safeco's "actual" exposure is effectively zero. The Suntech case was filed in 2010. The Brayman Hollow case was filed in 2011. If the exposure in those cases is zero as Brunoli maintains, this Court must wonder why these two meritless cases were not dismissed years ago by way of summary judgment. The fact that they were not, casts serious doubt on Brunoli's proclamations that there is zero exposure to those claimants.

Fortunately for this Court, the arguments raised by Brunoli have been raised by other indemnitors in the past and courts have rejected such arguments. In *Oakland Excavating, supra.,* the indemnitors, as Brunoli here, claimed that they should not be forced to post collateral because the pending payment bond claims forming the basis of Safeco's collateral demand were time barred. *Oakland Excavating,* 2009 WL 1658404, *4. The court rejected the argument. After first finding that Safeco's collateral security provisions were unambiguous, the court held:

> There is no requirement in this language that the claim be likely to succeed and therefore defendants arguments that the fact that the claim is likely to be dismissed excuses them from posting additional collateral upon demand is without merit.

*Oakland Excavating,* 2009 WL 1658404, *4.

Similarly, in *Liberty Mut. Ins. Co. v. Aventura Engineering & Constr. Co.,* 534 F.Supp2d 1290 (S.D. Fla.2008), the indemnitors refused to post collateral on the basis that pending performance bond claims against the surety lacked merit and the surety had "no potential exposure." *Aventura Engineering,* 534 F.Supp.2d at 1322. The court rejected the argument and ordered the indemnitors to post collateral. The court stated:

> Adventura's conclusory statement that no potential liability exists is immaterial. The evidence unequivocally demonstrates that Liberty has received demands on these bonds…[f]or these reasons, Adventura's alleged defenses to the claims do not relieve it of its obligation to collateralize the surety.

*Aventura Engineering,* 534 F.Supp.2d at 1322. *See also Northwestern Nat'l Ins. Co. v. Alberts,* 741 F.Supp 424, 431 (S.D.N.Y.1990) (whether or not principals will be responsible in the end - when the smoke clears and judgement is rendered - is not the issue relevant to this motion; indemnitors ordered to collateralize surety); *Travelers Cas.& Sur. Co. of America v. W.P. Rowland Constructors Corp.,* 2013 WL 2285204, *4 (D.Ariz.2013) (court rejected indemnitors' argument that collateral sought was "grossly disproportionate to any reasonably foreseeable risk to Travelers…").

Finally, and coming full circle back to this Court's recent ruling in *Hirani/MES,* it is instructive to note that the indemnitors in that case opposed Safeco's motion to enforce the identical collateral security provision based, in part,

13

on their assertion that the amounts sought in the underlying claims were "disputed or still uncertain." *Hirani/MES,* 480 Fed.Appx. at 609. This Court, citing the Indemnity Agreement's requirement that it shall be "liberally construed so as to protect, exonerate and indemnify [Safeco]," held that the District Court's refusal to countenance the indemnitors' argument was reasonable, and it upheld the decision below. *Hirani/MES,* 480 Fed.Appx. at 609.

Brunoli's argument that the amount of collateral that it must post should be based on some vague, self-interested and imprecise notion of "actual" exposure is untenable, entirely inconsistent with the plain and unambiguous language of the Indemnity Agreement, and has been expressly rejected by multiple courts, including this one. Brunoli's argument is therefore without merit.

### D. Brunoli's Claim that Posting the Collateral Poses a Financial Hardship is Not Material.

In aggressively attacking the District Court's ruling, Brunoli proclaimed that, "such an outrageous and unreasonable construction of the contract language could lead to the economic ruin of a construction company which could be forced to post collateral security at *any* time after it executes a payment bond for *any* claim filed on its bond without regard for either the amount of the bond or the existence (or lack) of any legitimate basis therefore." (emphasis original) (Appellant's Brief, p. 18).

14

First, that is precisely what the Indemnity Agreement provides. Further, in chastising the District Court and declaring its holding "outrageous and unreasonable" Brunoli ignored (or chose to overlook) previous rulings from this Court and other courts that rejected the same "financial hardship" argument. In *Hirani/MES*, this Court not only rejected a similar financial hardship argument, it also noted that the indemnitors' declaration of a potential financial hardship only strengthened Safeco's need for collateral:

> Further, Defendants' own persistent arguments that they lack sufficient assets to provide the contractually required collateral - and lack sufficient assets to both provide the owed collateral and litigate the merits of the remaining issues in the present action - established that if the collateral is not provided and defendants litigate the merits unsuccessfully, Safeco's injury will be uncompensated. Consequently, the record shows that, in the absence of posting of collateral, Safeco has a likelihood of irreparable injury.

*Hirani/MES*, 480 Fed.Appx. at 609.

Multiple other courts have also rejected Brunoli's financial hardship argument. *See Fratarcangelo*, *supra* at *6; *First Nat. Ins. Co. of America* v. *Sappah Bros. Inc.*, 771 F.Supp.2d 569, 575 (E.D.N.C.2011) (court rejected argument that posting required collateral might jeopardize and force indemnitors into bankruptcy); *Dematos Enterprises*, *supra* at *4 (construing identical provision the court stated "defendants' ability to pay is not a factor in determining the appropriateness of a specific performance of the collateral security provision.").

15

Brunoli's argument that providing collateral would impose a financial hardship is unavailing. The purpose of the collateral security provision is to protect Safeco and not Brunoli. The fact that Brunoli suggests that it may not have the financial wherewithal to withstand a judgment is perhaps the strongest reason why the collateral security provision must be enforced as written.

### E.    Safeco's Remaining Exposure is Now $601,304.54; The Collateral Obligation is Reduced to that Amount.

At the time of the District Court's ruling, Safeco's exposure totaled $4,687,148.34. It is this amount of collateral that the District Court ordered Brunoli to provide to Safeco. Safeco acknowledges that, subsequent to the issuance of the District Court's Order, certain claims were resolved, leaving pending the claim of Suntech of Connecticut, Inc. The Suntech claim is in the amount of $601,304.54. Either by remand to the District Court, or by an order directly from this Court, Safeco requests that Brunoli be required to deposit collateral in the amount of $601,304.54, equal to the amount of Suntech's pending claim.[1]

---

[1] Safeco is within its rights under the Indemnity Agreement to also request collateral for attorneys' fees and costs that have been, and will continue to be, incurred in defending the payment bond claims and pursuing the surety's indemnity rights. *See* Indemnity Agreement, section "Indemnity to Surety." (A11). However, Safeco is only requesting collateral in the amount of the remaining Suntech claim consistent with the relief awarded by the District Court.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellee Safeco Insurance Company of America, respectfully requests that this Court affirm the judgment of the District Court entered on June 26, 2014, and order Brunoli to immediately provide collateral to Safeco in the amount of $601,304.54.

Respectfully submitted,

SAFECO INSURANCE COMPANY
OF AMERICA

By: Its Attorneys

/s/ *Bradford R. Carver*
Bradford R. Carver
Jonathan C. Burwood
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Fed. Bar No. ct 12846
617-213-7000
617-213-7001 (facsimile)
bcarver@hinshawlaw.com
jburwood@hinshawlaw.com

Dated:      November 13, 2014

17

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

1.      This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 4,673 words.

2.      This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using 14 point Times New Roman.

Dated:  November 13, 2014

Respectfully submitted,

By:   <u>   /s/ *Bradford R. Carver*        </u>
Safeco Insurance Company of
America

## **CERTIFICATE OF SERVICE & CM/ECF FILING**

14-2289      Safeco Insurance Company of America
v.
Lawrence Brunoli, Inc. and Lawrence Brunoli, Jr.

I hereby certify that I caused the foregoing brief for Plaintiff-Appellee Safeco Insurance Company of America to be served on counsel for Defendants-Appellants Lawrence Brunoli, Inc. and Lawrence Brunoli, Jr., via Electronic Mail generated by the Court's electronic filing system (CM/ECF) with a Notice of Docket Activity pursuant to Local Appellate Rule 25.1:

Margaret F. Rattigan, Esq.
Murphy, Laudati, Kiel, Buttler & Rattigan, LLC
10 Talcott Notch, Suite 210
Farmington, CT  06032
(860) 674-8269
mrattigan@mlkbr.com

I further certify that an electronic copy of the foregoing brief for Plaintiff-Appellee Safeco Insurance Company of America was uploaded to the Court's electronic filing system (CM/ECF) and that six (6) hard copies were provided to the Clerk's Office by overnight delivery:

Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Dated:  November 13, 2014        By: /s/ *Bradford R. Carver*
                                 **Attorney for Safeco Insurance**
                                 **Company of America**